UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEAN DUFORT BAPTICHON, | ) | CASE NO. 1:05 CV 1194 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN M. MANOS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NICHOLAS A. KNOWLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

        On May 10, 2005, pro se plaintiff Jean Dufort Baptichon filed this federal question and diversity action against Nicholas A. Knowles, Great Gifts, and the Ebay Network, Inc ("Ebay"). In the complaint, plaintiff alleges he did not receive the lap top computers he purchased from Mr. Knowles through Ebay. He seeks $ 1,750.00 in compensatory damages and $1,750,000.00 in punitive damages.

        Mr. Baptichon alleges he contracted through the Internet auction website, Ebay, to purchase 10 new VAIO Pentium IV notebook computers for $ 175.00 each on September 17, 2003. The computers were listed for sale by Mr. Knowles through an organization identified as Great Gifts. Plaintiff states he sent three money orders totaling $ 1,750.00 to a post office box registered to Great Gifts. He contends Mr. Knowles and Great Gifts cashed the money orders on September 9, 2003 but did not ship the computers. Plaintiff attempted to telephone these two defendants at the

numbers listed on the Ebay posting but always encountered a busy signal or received no answer to the call. Ebay then notified Mr. Baptichon that Mr. Knowles and Great Gifts were under investigation.

Mr. Baptichon asserts that Mr. Knowles and Great Gifts violated Rule 10b-5 of the Securities Exchange Act, 15 U.S.C. § 78j, and are liable to him under state law for fraud, misrepresentation, breach of contract, conversion, and unjust enrichment. He further asserts that Ebay was negligent by failing to conduct an adequate investigation into the identity of the seller. He contends that this failed transaction has caused him great emotional distress in addition to the loss of $ 1,750.00. He indicates he was a law student at the time he attempted to purchase the computers and was depending on them to complete his class outlines. He contends that because he did not receive the computers, he was not well prepared for his exams and did not meet the law school's minimum GPA requirements.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a cause of action in an in forma pauperis case under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

While Mr. Baptichon may have stated an arguable claim for relief under state tort law, his claims for relief under the Securities Exchange Act of 1934, 15 U.S.C. § 78j, are subject to dismissal under § 1915(e).  Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j, prohibits the use "*in connection with the purchase or sale of any security*...of any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe...."  15 U.S.C. § 78j (emphasis added.)  In support of his claim, Mr. Baptichon cites Rule 10b-5 promulgated by the Securities Exchange Commission, which provides in part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
> (a) To employ any device, scheme, or artifice to defraud, [or]
> ...
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 CRF § 240.10b-5 (1979).  Although § 10(b) should be read flexibly so that it would provide a cause of action for any plaintiff who "suffers an injury as a result of deceptive practices touching the sale or purchase of securities," Santa Fe Industries v. Green, 430 U.S. 462, 475 (1977); Molecular Technology Corp. v. Valentine, 925 F.2d 910, 917 (6th Cir. 1991), Mr. Baptichon was not purchasing securities.  He was attempting to purchase laptop computers.  Deceptive sales practices in this context may be actionable under other theories of liability, but not under the Securities Exchange Act.

Accordingly, Mr. Baptichon's claims under the Security Exchange Act are dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This action shall proceed against the

defendants solely on the plaintiff's state tort law claims.

       IT IS SO ORDERED.


Issued: October 28, 2005                      <u>   s/ John M. Manos            </u>
                                                                    UNITED STATES DISTRICT JUDGE