IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN DUFORT BAPTICHON, | ) | CASE NO.  1:05CV1194 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| NICHOLAS A. KNOWLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OF OPINION</u> |

On May 10, 2005, Jean DuFort Baptichon, plaintiff, filed this action *pro se* against

Nicholas A. Knowles, Great Gifts, and eBay, Inc. ("eBay"), defendants.[1]  On October 28, 2005,

the Court *sua sponte* dismissed the federal claims (Count 1 and part of Count 2) for failure to

state a claim.

Subsequently, the Defendants filed motions to dismiss the remaining state law claims on

various grounds, including lack of subject matter jurisdiction (Docket Nos. 12 and 14).  The

Plaintiff, without explanation, has not responded and the time for doing so has lapsed.

For the following reasons, the Defendants' motions are granted for lack of subject matter

---

[1]      In the Complaint, the Plaintiff misnamed eBay, Inc. as Ebay Network.

jurisdiction.

## I.  FACTS

Defendant eBay runs a popular Internet auction site.  Defendant Knowles was a registered user of eBay who at times sold items using the name Great Gifts.

The Plaintiff alleges that on or about September 17, 2003, he purchased ten laptop computers on eBay from Defendants Knowles/Great Gifts.  The purchase price was $175.00 per computer, for a total of $1750.00.  The Plaintiff paid the for the computers with money orders, but he alleges that the items were never delivered.  He seeks to hold eBay jointly responsible for the alleged misconduct of Knowles/Great Gifts.  He seeks $1750.00 in compensatory damages and $1,750,000.00 in punitive damages.

## II.  LAW AND ANALYSIS

The remaining counts all arise under state law and include misrepresentation/fraud (part of Count 2), breach of contract (Count 3), conversion/unjust enrichment (Count 4), and negligence (Count 5).  As state law claims, the only arguable basis for federal jurisdiction is diversity pursuant to 28 U.S.C. § 1332(a).  The Defendants in part seek dismissal on the ground that the amount in controversy is not met.

The parties are citizens of different states, and therefore federal jurisdiction lies if the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  28 U.S.C. § 1332(a).  The amount in controversy must be alleged in good faith and be colorable to avoid dismissal.  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).  Punitive damages are included in the amount in controversy.  Bennett v. E.F. Hutton Company, Inc., 597 F. Supp. 1547, 1561 (N.D. Ohio 1984).  However, punitive damages allegations are given close scrutiny,

and their existence and amount must be supported.  <u>Larkin v. Brown</u>, 41 F.3d 387, 388-89 (8th Cir. 1994).

Here, the alleged loss on the purchase of the computers is only $1750.00.   Assuming punitive damages are allowed at all (which eBay disputes), the jurisdictional threshold of $75,000.00 is overly disproportionate for a finding of good faith as to the allegations of the amount in controversy.  Diversity jurisdiction, therefore, does not exist.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Defendants' Motions To Dismiss (Docket Nos. 12 and 14) are granted for lack of subject matter jurisdiction, and this action is hereby dismissed on that ground, each party to bear its own costs.  The Court expresses no opinion on the other issues raised by the parties' pleadings and briefs.

IT IS SO ORDERED.


Issued: February 6, 2006                         <u>s/ John M. Manos</u>
                                         UNITED STATES DISTRICT JUDGE